IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

TODD GROFF, individually and )
DIANNE GROFF, individually, )
 )
          **Plaintiffs,** )
 )
v. ) Case No. CIV-10-238-SPS
 )
STATE FARM FIRE AND )
CASUALTY COMPANY, a foreign )
Corporation, )
 )
          **Defendant.** )

## OPINION AND ORDER DENYING
## DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Upon consideration of the Defendant's Motion for Summary Judgment on the Issues of Breach of the Duty of good Faith and Fair Dealing and "Other Damages" Insurance Coverage and Brief in Support [Docket No. 42], the Court finds genuine issues of material fact as to the following questions: (i) whether the Defendant breached its contract of insurance with the Plaintiffs by failing to pay for losses in excess of the stated deductible for items not excluded under the policy, *e. g.*, holes in walls or doors, broken windows and corrosion;[1] (ii) whether the Defendant acted unreasonably in refusing to pay

---

[1] The Court determined in a related case between the parties that "corrosion is not contamination, and it is not otherwise specifically excluded under the policy." *See* Docket No. 69, pp. 6-7, Case No. CIV-10-171-SPS. The Defendant argues that corrosion is excluded under the policy as "deterioration," but the cases it in this regard are unpersuasive because they apply the deterioration exclusion to natural and slow-moving damage rather than catastrophically-caused chemical damage. *Compare Brodkin v. State Farm Fire & Casualty Co.*, 217 Cal. App. 3d 210, 217 (1989) ("Whether deterioration be termed corrosion, decay, or any one of several other synonyms, damage caused by contact between the soil and foundation of the house is precisely the type of loss the exclusion was meant to cover.") *with Berry v. Commercial*

the Plaintiffs for any covered losses; and (iii) whether the Plaintiffs suffered damages as a result of any breach of contract or unreasonable refusal to pay. The existence of such fact questions precludes summary judgment, *see* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."), and the Defendant's motion is accordingly hereby DENIED.

**DATED** this 7th day of August, 2012.

_____
Steven P. Shreder
United States Magistrate Judge
Eastern District of Oklahoma

---

*Union Insurance Co.*, 87 F.3d 387, 392 n.9 (9th Cir. 1996) ("We believe that deterioration of pipes caused by natural contact with soil wholly different from deterioration of pipes caused by the introduction of harmful chemicals.").